**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 9, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JULIUS JEROME WALKER,

     Petitioner - Appellant,

v.

ROBERT PATTON, DOC Director,

     Respondent - Appellee.

No. 15-7060
(D.C. No. 6:12-CV-00303-RAW-KEW)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

Julius Jerome Walker appeals from the district court's denial of his 28 U.S.C.

§ 2254 motion.  We granted him a certificate of appealability ("COA") to consider

whether his convictions violated the Double Jeopardy Clause of the United States

Constitution and whether his trial counsel was ineffective for failing to raise the

double jeopardy argument in proceedings where Mr. Walker tried to withdraw his

guilty plea.  Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I.

Mr. Walker entered a blind plea of guilty to numerous violations of Oklahoma state law in connection with an attack on his domestic partner. He was sentenced to life imprisonment on each count, with the sentences to run concurrently. He then filed a motion to withdraw his guilty plea. Following a hearing, the trial court denied the motion to withdraw. Mr. Walker appealed to the Oklahoma Court of Criminal Appeals ("OCCA").

The OCCA agreed with Mr. Walker's argument that he was subjected to double punishment on one of the counts in violation of Okla. Stat. tit. 21, § 11. It therefore reversed the conviction on that count and remanded with instructions to dismiss. As to counsel's failure to raise the double punishment issue in the trial court, the OCCA concluded that any error was remedied when it ordered that the conviction be dismissed.

Next, Mr. Walker filed a motion for post-conviction relief in the trial court in which he raised several claims of ineffective assistance of counsel concerning issues other than the failure to make the double punishment argument. Following the trial court's denial of the motion, Mr. Walker filed an appeal with the OCCA, which also denied relief.

In a pro se habeas petition filed in the district court, Mr. Walker reasserted, among other things, his § 11 double punishment claim and counsel's failure to raise the issue in the trial court. The magistrate judge recommended that habeas relief be denied because his "ground for habeas relief is based on an issue of state law[.]"

2

R., Vol. 1 at 440. The district court overruled Mr. Walker's objections and denied relief. We now affirm.

## II.

"A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition. . . . A claim has been exhausted when it has been 'fairly presented' to the state court." *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) (citations omitted). "Fair presentation means that the petitioner has raised the substance of the federal claim in state court." *Id.* (internal quotation marks omitted). This means that a prisoner should "include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle [him] to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

We have carefully examined Mr. Walker's arguments in the OCCA and find that they were limited to whether he received multiple punishments for the same crime in violation of the Oklahoma statute—not the Double Jeopardy Clause of the United States Constitution. He therefore failed to exhaust his remedies.

Mr. Walker appears to concede that he did not raise a double jeopardy claim in his motion for post-conviction relief, or subsequent appeal. He argues, however, that double jeopardy was raised in his appeal to the OCCA from the denial of his motion to withdraw his guilty plea. But this is contrary to how the issue was framed and argued—which was under the Oklahoma Constitution and case law. *See* R., Vol. 1 at 168-77. Indeed, Mr. Walker never mentioned the United States Constitution or cited

3

any cases interpreting the Double Jeopardy Clause. And the OCCA understood the argument to be grounded in the Oklahoma statute. *Id*. at 232-33.

### III.

"Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies. . . . However, if the court to which [p]etitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review." *Bland*, 459 F.3d at 1012 (citation and internal quotation marks omitted).

The state of Oklahoma would deem Mr. Walker's double jeopardy claim procedurally barred. Oklahoma's Uniform Post-Conviction Procedure Act requires that "[a]ll grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application [for post-conviction relief]. Any ground finally adjudicated or not so raised . . . may not be the basis for a subsequent application." Okla. Stat. tit. 22, § 1086.

"A petitioner may overcome the procedural bar only if he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Bland*, 459 F.3d at 1012 (internal quotation marks omitted). Mr. Walker has not argued cause or prejudice to excuse the default. Nor has he argued a fundamental miscarriage of justice. Accordingly, Mr. Walker

failed to exhaust his double jeopardy claim, and he is procedurally barred from raising that claim in this court.

We affirm the district court's order denying Mr. Walker's § 2254 motion. We deny Mr. Walker's motion to supplement his brief as moot.

Entered for the Court


Jerome A. Holmes
Circuit Judge